(28 Misc. Rep. 104.)

## In re HODGE et al.

(Supreme Court, Special Term, Westchester County.　June, 1899.)

1. EMINENT DOMAIN—REMEDY OF LANDOWNER.

An owner of land across which a drain has been built by commissioners appointed under the drainage act (Laws 1869, c. 888) without condemnation proceedings can apply for an appraisal of the land or right so taken after the work has been done.

2. SAME—JURISDICTION.

Under Code Civ. Proc. § 3358, requiring that all condemnation proceedings shall be taken by petition to the supreme court, and section 3383, repealing acts prescribing a different method, the supreme court has jurisdiction of condemnation proceedings brought by an owner of land across which a drain has been built by commissioners appointed under the drainage act.

Motion to dismiss petition of Thomas R. Hodge and others for condemnation proceedings to appraise land taken for a drain.　Denied.

Cyrus A. Bishop, for the motion.
Frederick W. Sherman, opposed.

BARNARD, J.　A petition was presented to the county judge of Westchester county to drain certain lands situated wholly in that county.　The county judge appointed commissioners to hear and determine, upon the application, whether it was a necessary work.　The commissioners reported in favor of the drainage asked for, and all needful maps and surveys were prepared and filed. The report was confirmed, and the commissioners proceeded to do the work, and they have completed the same.　It was necessary to open a ditch or ditches through lands of persons other than those of the petitioner.　The application was made to the county judge under chapter 888 of the Laws of 1869, and the amendatory acts thereto. By this act the commissioners were given power, in section 9, that if they could not agree with the owners of lands taken they should proceed to acquire title to the easement necessary for the work "in the manner, so far as the same is applicable," under the general railroad law.　No application for the appointment of commissioners to appraise the value of land or rights taken was ever made to the county judge, and now this application is made in the supreme court for the appointment of condemnation commissioners to assess the value of the land taken.　It is no valid objection that the work was done before the application was made.　The owner could waive the right of prepayment, and, even if there be no waiver, the condemnation proceeding can be taken after the work is done.　In re Ryers, 72 N. Y. 7.　Can the application be made in this court?　While the general railroad law was in force it was held that the condemnation proceedings could only be taken before the county judge.　People v. Orleans County Ct., 28 Hun, 14.　In 1896 a new condemnation law was passed.　Code Civ. Proc. § 3358.　This new law requires that all condemnation proceedings shall be taken by petition "to the supreme court," and all other acts and parts of acts which prescribe a differ-

ent method are repealed. Code, § 3383. This proceeding is properly brought in this court, and the motion to dismiss the same is denied. Motion denied. •